# Richmond

Mattie Hazel Russell v. Allie Lee Russell.

April 22, 1946.

Record No. 3055.

Present, All the Justices.

The opinion states the case.

*William Davis Butts*, for the appellant.

*J. Lorenzo Rainey*, for the appellee.

·Gregory, J., delivered the opinion of the court.

Allie Lee Russell filed his bill of complaint against his wife, Mattie Hazel Russell, asking for a divorce *a vinculo* upon the ground of adultery. The evidence was taken by depositions and *ore tenus*. The lower court granted the plaintiff the prayer of his bill.

The appellant and the appellee had been married for twenty-seven years but there were no children. They were *bona fide* residents of York county where the husband was a farmer and carpenter. One Thomas Gwaltney had been employed by the husband to work on the farm and it was alleged that he had become too familiar with the appellant; that she left her home and lived and cohabited with him; and that she finally left her husband without just cause.

The appellant filed her answer and cross-bill and asked that she be granted a divorce on the ground of extreme cruelty. In the decree to which we have referred the cross-bill was dismissed.

The assignments of error are that the evidence is not sufficient to support a decree of absolute divorce, and that the court improperly admitted in the evidence a letter purporting to have been written by Thomas Gwaltney to the appellant.

We think that the evidence to which we now refer supports the decree of the court below. A witness by the name of Charlie Brown testified that the appellant and Thomas Gwaltney had a room in the five-hundred block on Twenty-first street in Newport News, where they lived together night and day. This question was asked the witness:

"Q. You mean that they stayed at this room night and day?", to which he replied.

"A. They certainly did, for about ten days. They left there and went somewhere, but I can't say where."

Another witness by the name of Norman Combs testified, in answer to the following questions:

"Q. Do you know of the charge of infidelity against his wife", to which he replied:

"A. No more than it is true. To be frank, I thought the woman was out of her mind, to leave a good home and pick up and stay with a man like Thomas Gwaltney.

"Q. You actually know she did this of your own knowledge?

"A. Sure she did. Nearly everybody in Tabbs know that. She even boast about it.

"Q. Has Mr. Russell cohabited with his wife since he became convinced of her infidelity?

"A. I know he hasn't since the last time when she stayed on Twenty-first street in Newport News".

A taxicab driver testified that he brought the appellant, whom he knew personally, in his cab to Newport News; that he had been engaged to do so by a man who accompanied her, and that he took her to some place in the six-hundred block on Twenty-fourth street.

The appellant denies that she has been unfaithful to her husband, but upon the whole evidence we think that it is sufficient to sustain the decree of the lower court.

The letter to which objection has been made may be eliminated, for the evidence to sustain the decree is sufficient without it. Moreover, there is no indication from the record that the court gave any consideration to the letter. This objection is without merit.

We think the decree should be affirmed.

*Affirmed.*